UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Federal-Mogul Corporation,

    Plaintiff,

v.

Insurance Company of the State of Pennsylvania,

    Defendant.
                                          /

Case No. 12-12005

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [104]**

This matter comes before the Court on Defendant's motion for reconsideration. In October 2011, a flood caused substantial damage to Plaintiff Federal-Mogul Corporation's facility in Thailand. Plaintiff submitted a claim for losses to Defendant Insurance Company of the State of Pennsylvania. The parties stipulate that Plaintiff suffered a loss of $64,500,000, which included $39,406,467 of property damage and $25,093,533 of "time element loss" (*i.e.*, economic loss due to an inability to operate normally). Defendant paid Plaintiff $30 million for losses, stating that a High Hazard flood zone provision in the insurance policy at issue limited the amount Defendant owed. Deferring the question of whether the High Hazard flood zone applies, the parties filed cross-motions for summary judgment on the time element loss issue. (Dkt. 90, 96.) The Court granted summary judgment to Plaintiff on this issue. Defendant seeks reconsideration of the Court's decision. For the reasons below, the Court DENIES this motion.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to

which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties ... have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.*

Defendant's motion does not satisfy the requirements of Rule 7.1(h). Defendant has not set out a palpable defect by which the Court has been misled, but instead in large part merely re-hashes arguments previously made.[1] *See Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."). The Court sees no reason to address these arguments again.

Defendant advances one additional argument not previously addressed in detail by the Court. Defendant argues that the "annual aggregate" sentence in the policy mandates

---

[1] Defendant re-hashes arguments made not only in the briefs supporting the motions for judgment on the time element loss issue, but also in prior briefing in this matter. For example, Defendant argues that the Court improperly "applied its earlier ruling" that Defendant has the burden to prove that an exclusion to coverage applies. (Dkt. 104, at 3.) The Sixth Circuit did not disrupt the Court's prior ruling on this issue, but rather "assume[d] without deciding that [Defendant] bears the burden of proof" since neither party suggested that the burden affected the outcome. (Dkt. 84.) Here, applying Michigan's well-established rules of construction regarding the interpretation of insurance contracts, the Court again stated that the insurer has the burden to prove that an exclusion to coverage applies. *See, e.g., Pioneer States Mut. Ins. Co. v. Dells*, 836 N.W.2d 257, 263 (Mich. Ct. App. 2013). The Court was not misled here, but even without consideration of Michigan's well-established rule of construction regarding an insurer's burden, the disposition of these motions would not change; therefore, Defendant has failed to satisfy Rule 7.1(h).

that all recovery be capped at $30 million, should the High Hazard sublimit apply. (Dkt. 104, at 31-32.) The sentence at issue does not unambiguously state that recovery of time element loss is limited by the High Hazard sublimit. Rather, the Court construes the sentence at issue as simply explaining how annual aggregates work: "[w]hen the Limit of Liability or a Sublimit is shown as applying in the Aggregate during any 'policy' year" (*e.g.*, the High Hazard sublimit), Defendant's "maximum Limit" ($30 million) will "not exceed such Limit during any 'policy' year regardless of the number of 'locations' and coverages involved." (Dkt. 1, Ex. A, at 14). This sentence explains that recovery under a certain annual aggregate limit or sublimit will not exceed the maximum amount recoverable for that limit or sublimit in a single policy year. For example, if there were two separate floods in a High Hazard zone within one policy year, this sentence would explicitly limit total recovery for loss under that sublimit (*i.e.*, physical loss or damage caused by flood) to the maximum amount of $30 million for the policy year. This sentence does not unambiguously limit recovery for general time element loss, for which there is no specific sublimit or limit of liability. And as the Court previously determined, the High Hazard sublimit applies only to physical loss or damage caused by flood and does not apply to time element loss. Defendant's argument does not satisfy the requirements of Rule 7.1(h).

    For the reasons stated, Defendant's motion is DENIED.

SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: November 6, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager